IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JAIME LUEVANO, <br> TDCJ No. 1655791, <br> Petitioner, <br><br> v. <br><br> GREG ABBOTT, <br> Governor of Texas, *et al.*, <br> Respondents. | § § § § § § § § § § | EP-21-CV-119-DCG |

## MEMORANDUM OPINION AND ORDER

Jaime Luevano, a state prisoner, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2254. Pet'r's Mot., ECF No. 1-1. He asks the Court to intervene in his behalf and order Governor Greg Abbott to grant his application for a pardon. Id. at 6. His petition is denied because it plainly appears from his pleading that he is not entitled to § 2254 relief. He is also denied a certificate of appealability.

### BACKGROUND

On September 3, 2007, a jury found Luevano guilty of burglary of a habitation with the intent to commit a felony in cause number 20070D04788 in the 409th Judicial District Court of El Paso County, Texas. See Luevano v. State, 08-10-00154-CR, 2012 WL 1883115, at *2 (Tex. App.—El Paso May 23, 2012, pet. ref'd). It heard evidence at his trial that he broke into a house and sexually assaulted a nine-year-old girl. Id. at 1. It sentenced him to life in prison after he pleaded true to two prior felony convictions. Id. at *4. The jury also found Luevano guilty of burglary of a habitation with the intent to commit theft in cause number 20070D04789 in the 409th Judicial District Court. See Luevano v. State,

08-10-00159-CR, 2012 WL 1883117, at *1 (Tex. App.—El Paso May 23, 2012, pet. ref'd). It heard evidence that he was discovered uninvited inside a house. Id. It sentenced him to 25 years' imprisonment for this offense. Id. at 2.

The Eighth Court of Appeals in El Paso reformed and affirmed the trial court's judgment in cause number 20070D04788 on May 23, 2012. Luevano, 2012 WL 1883115, at *11. It also reformed and affirmed the judgment in cause number 20070D04789 on the same date. Luevano, 2012 WL 1883117, at *4.

The Court of Criminal Appeals refused Luevano's petitions for discretionary review in both cases on July 26, 2012. See https://search.txcourts.gov/CaseSearch (search for Luevano, Jaime) (last visited June 7, 2021). It disposed of Luevano's multiple petitions for writs of mandamus. Id. But it never received a petition for a writ of habeas corpus in either of these cases. Id.

Luevano is currently in the custody of the Texas Department of Criminal Justice Correctional Institutions Division (TDCJ-CID) at the Alfred Hughes Unit in Gatesville, Texas. See TDCJ Offender Search, https://offender.tdcj.texas.gov/OffenderSearch/ (search for Jaime Luevano) (last visited June 2, 2021). Although Luevano is serving a life sentence, he is eligible for parole. Id.

Luevano now claims the Texas Board of Pardons and Paroles (the Board) denied him his due process rights when it rejected his application for a pardon. Pet'r's Pet. 6. He further alleges the Texas Innocence Project—a private nonprofit organization—wrongfully failed to take an active role in his case. Id. He maintains the Eighth Court of Appeals lied in an effort to cover up fraud and misconduct in 2007 associated with his indictment. Id. at 7. He also complains about actions taken by the Texas Court of Criminal Appeals—presumably based on its rejection of his petitions for discretionary review and writs of mandamus—and this Court in cause numbers EP-10-CV-128-KC and EP-14-CV-20-PRM.

Id. The relief he seeks is unclear. Id. at 10. Presumably he wants the Court to order Governor Greg Abbott to grant him a pardon.

## APPLICABLE LAW

"[C]ollateral review is different from direct review," and the writ of habeas corpus is "an extraordinary remedy," reserved for those petitioners whom "society has grievously wronged." Brecht v. Abrahamson, 507 U.S. 619, 633–34 (1993). It "is designed to guard against extreme malfunctions in the state criminal justice system." Id. (citing Jackson v. Virginia, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)). It is granted pursuant to 28 U.S.C. § 2254 only where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Preiser v. Rodriguez, 411 U.S. 475, 484–87 (1973).

The federal habeas courts' role in reviewing state prisoner petitions is exceedingly narrow because "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). "Indeed, federal courts do not sit as courts of appeal and error for state court convictions." Dillard v. Blackburn, 780 F.2d 509, 513 (5th Cir. 1986). They must generally defer to state court decisions on the merits. Moore v. Cockrell, 313 F.3d 880, 881 (5th Cir. 2002). And they must defer to state court decisions on procedural grounds. Coleman v. Thompson, 501 U.S. 722, 729–30 (1991); Muniz v. Johnson, 132 F.3d 214, 220 (5th Cir. 1998). They may not grant relief to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. Estelle v. McGuire, 502 U.S. 62, 67–68 (1991); West v. Johnson, 92 F.3d 1385, 1404 (5th Cir. 1996).

As a result, the federal writ serves as a "'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Harrington, 562 U.S. at

102–03 (quoting Jackson, 443 U.S. at 332, n.5). "If this standard is difficult to meet, that is because it was meant to be." Id. at 102.

Upon receiving a petition, "the judge must promptly examine it." 28 U.S.C. foll. § 2254 R. 4 (Preliminary Review; Serving the Petition and Order). "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Id. "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response . . . ." Id.

## ANALYSIS

The gravamen of Luevano's petition is that members of the Board and the Governor denied him due process when they rejected his application for a pardon. Pet'r's Pet. 6.

In Texas, the Governor has the "power, after conviction, on the written signed recommendation and advice of the Board . . . to grant . . . pardons." Tex. Const. art IV, § 11; see also Tex. Code Crim. Pro. Ann. art. 48.01; Hankamer v. Templin, 143 Tex. 572, 187 S.W.2d 549, 550 (1945). "A 'pardon' is 'an act of grace proceeding from the power entrusted with the execution of the laws which exempts the individual from the punishment the law inflicts for a crime he has committed.'" Vandyke v. State, 538 S.W.3d 561, 574 (Tex. Crim. App. 2017) (quoting Snodgrass v. State, 67 Tex. Crim. App. 615, 623, 150 S.W. 162, 165 (1912)). It "removes the consequences of conviction rather than the conviction itself." Id. at 577–78. As a result, "[e]ven when a pardon is granted based on actual innocence, the judgment of conviction remains intact, unless and until a court expunges the judgment at the defendant's request." Martinez v. State, 503 S.W.3d 728, 739 (Tex. App.—El Paso 2016, pet. ref'd) (citing Tex. Code Crim. Proc. art. 55.01(a)(1)(B)).

The pardon process in Texas is simple. Anyone may apply for a pardon after a conviction. The applicant forwards a request, along with letters of recommendation, to the Board for its consideration.

4

37 Tex. Admin. Code § 143.14. If the Board denies the request, the process is over. If the Board approves the request, it forwards it to the Governor. 37 Tex. Admin. Code § 143.1. "When an application for executive clemency is denied by the Governor or not recommended by the Board, a person may submit a subsequent written application for executive clemency on or after the second anniversary of the denial." 37 Tex. Admin. Code § 143.14.

Luevano is in the custody of TDCJ-CID. According to the Texas Administrative Code, "[a] full pardon will not be considered for an offender while in TDCJ-CID, except when exceptional circumstances exist. The burden of showing such exceptional circumstances rests upon the applicant." 37 Tex. Admin. Code § 143.6. Luevano presents no evidence of exceptional circumstances. Thus, it is no surprise that Board rejected Luevano's application for a pardon.

Furthermore, "[t]here is no constitutional or inherent right of a convicted person to be . . . released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). "Decisions of the Executive Branch, however serious their impact, do not automatically invoke due process protection; there simply is no constitutional guarantee that all executive decisionmaking must comply with standards that assure error-free determinations." Id.

"[A] challenge to parole review procedures which affect the duration of confinement 'might have implicated the narrow range of prisoner liberty interests remaining after Sandin [v. Conner, 515 U.S. 472 (1995)],' but for the fact that Texas law does not create a liberty interest in parole that is protected by the Due Process Clause." Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995) (quoting Orellana v. Kyle, 65 F.3d 29 (5th Cir.1995)). "It follows that because [a prisoner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." Orellana, 65 F.3d at 32.

Additionally, a felon's expectation that he will be pardoned "is simply a unilateral hope." Connecticut Bd. of Pardons v. Dumschat, 452 U.S. 458, 465 (1981). Consequently, "pardon and commutation decisions have not traditionally been the business of courts; as such, they are rarely, if ever, appropriate subjects for judicial review." Id. at 464. Indeed, "[t]he Due Process Clause is not violated where, as here, the procedures in question do no more than confirm that the clemency and pardon powers are committed, as is our tradition, to the authority of the executive." Ohio Adult Parole Auth. v. Woodard, 523 U.S. 272, 276 (1998).

The Court accordingly finds that the Board did not deny Luevano his due process rights when rejected his application for a pardon. It further finds that Luevano has neither identified nor alleged a basis for the Court to order Governor Abbott to grant him a pardon.

The Court also observes that the Texas Innocence Project "is a nonprofit human service organization" and is not obligated to take an active role in Luevano's case. See https://innocencetexas.org/history-mission (last visited June 7, 2021). It additionally finds that Luevano's conclusory statements concerning purported errors by the state and federal courts have no probative evidentiary value and do not entitle him to habeas relief. See Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.").

## CERTIFICATE OF APPEALABILITY

A certificate of appealability "may issue only if the petitioner has made a 'substantial showing of the denial of a constitutional right.'" Gonzalez v. Thaler, 565 U.S. 134, 137 (2012) (quoting 28 U.S.C. § 2253(c)(2)). In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Luevano has not made a substantial showing of the denial of a constitutional right. Thus, he cannot show reasonable jurists could either debate the denial of his § 2254 petition or find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). He is not entitled to a certificate of appealability.

## CONCLUSIONS AND ORDERS

The Court finds it plainly appears from Luevano's petition that he cannot meet his burden of showing "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Court accordingly concludes that Luevano is not entitled to federal habeas relief. The Court additionally concludes that it should not grant Luevano a certificate of appealability. The Court, therefore, enters the following orders:

**IT IS ORDERED** that Luevano's "Petition for a Writ of Habeas Corpus: 28 U.S.C. § 2254" (ECF No. 1-1) is **DENIED** and his case is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Luevano is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

SIGNED this ___ day of June 2021.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE